IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                              No. CR S-96-0555 WBS PAN P

    vs.

RICHARD N. MATTAROLO,

    Movant.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Respondent has moved to dismiss the motion for lack of jurisdiction, contending that (1) movant failed to obtain authorization from the United States Court of Appeals for leave to proceed with a second or successive § 2255 motion and (2) the decision of the United States Supreme Court, <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) on which movant relies, has not been made retroactively applicable to cases on collateral review.  Both of respondent's contentions have merit.

        The court's records reveal that movant has previously filed a motion to vacate, set aside or correct his sentence.  The first motion was filed on October 9, 2001 and was denied on the merits on April 22, 2002.  On October 1, 2003, that decision was affirmed by the United States Court of Appeals for the Ninth Circuit.  Section 2255 of Title 28 of the United States Code

1

requires in relevant part that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals" before it can be filed in the district court. 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3). Movant has not obtained from the court of appeals authorization to proceed with the instant motion and for that reason alone the motion should be dismissed.

In addition, the rule announced in Blakely does not apply to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025 (9th Cir.2005). Therefore, even had movant complied with the prerequisite to bringing this second § 2255 motion, dismissal of the motion would be required.

Movant has also moved for appointment of counsel. There currently exists no absolute right to appointment of counsel in § 2255 proceedings. See, e.g., Irwin v. United States, 414 F.2d 606 (9th Cir. 1969). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2255 Proceedings. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel. Movant's motion will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that movant's August 20, 2004 motion for appointment of counsel is denied; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's November 12, 2004 motion to dismiss be granted;

2. Movant's August 20, 2004 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed; and

3. The clerk of the court be directed to close the companion civil case No. CIV S-04-1745 WBS PAN P.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
4  failure to file objections within the specified time waives the right to appeal the District Court's
5  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED:  March 24, 2006.

                                                  */s/*
                                     UNITED STATES MAGISTRATE JUDGE

12
matt0555.257